UNITED STATES, Plaintiff,

v.

**Nicholas C. BARBER and Laura A. Barber, Defendants.**

No. 95–CV–1759 (FJS).

United States District Court,
N.D. New York.

Feb. 9, 1998.

---

Thomas J. Maroney, U.S. Atty. (William H. Pease, Asst. U.S. Atty., of Counsel), Syracuse, for Plaintiff.

---

Nicholas C. Barber, Schenectady, NY, pro se.

## MEMORANDUM DECISION & ORDER

SCULLIN, District Judge.

### Introduction

This is an action instituted pursuant to Title I of the National Housing Act, 12 U.S.C. § 1701, *et seq.*, for judgment on a promissory note. The promissory note was executed by the Defendants Nicholas and Laura Barber, and assigned by Pioneer Savings Bank to the Plaintiff on August 3, 1992. Presently before the Court is Plaintiff's motion for summary judgment brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.

### FACTS

On May 31, 1989, Nicholas and Laura Barber executed a promissory note in exchange for a home improvement loan of $35,949.60 from Pioneer Savings Bank. The note was guaranteed by the United States Department of Housing and Urban Development ("HUD"). The terms of the promissory note required 180 monthly payments of $199.72. On November 30, 1994, Defendants failed to remit the amount due under the promissory note and thereby defaulted. Defendant has failed to make any subsequent payments due under the note. On March 21, 1995, Pioneer Savings Bank assigned the note to HUD pursuant to 24 C.F.R. § 201.54. At the time of default, Plaintiff owed a balance of $13,245.40 under the note.

Plaintiff filed this action on December 12, 1995 seeking damages, interest, surcharges and costs against Nicholas and Laura Barber. Defendant Nicholas Barber filed his answer on February 26, 1996. Defendant Laura Barber failed to submit any pleading. On August 15, 1996, the Clerk of the United States District Court entered entry of default judgment as to Defendant's wife, Laura Barber, for failure to file an answer. Thereafter, a judgment for a sum certain was entered against Laura Barber in the amount of $14,-

993.05. Laura Barber is not a party to this motion.

On September 3, 1996, Plaintiff filed the present summary judgment motion against Defendant Nicholas Barber. Defendant Nicholas Barber failed to file any papers in opposition, but did appear at oral argument on November 8, 1996. As a result of discussions held at oral argument, the Court directed the parties to attempt settlement.

After oral argument, both parties sent a series of letters to the Court which addressed a variety of issues. None of these letters was properly filed with the Clerk of Court. As a result of these letters, the Court scheduled a conference to allow the Defendant to better explain his arguments and factual assertions. On December 1, 1997, a conference was held in chambers. At the conference, the Court specifically requested that Defendant submit legal briefing on any and all of Defendant's purported defenses and submit it to the Court by December 8, 1997.[1] The Court also directed the parties to further explore the options for settlement. In a letter dated December 8, 1997, the Defendant, through his attorney, informed the Court that a settlement could not be reached and that he also would not be submitting the briefing as requested by the Court. The Defendant did argue, however, that summary judgment was inappropriate because issues of fact remained. Thus, the Court will now address Plaintiff's motion.

### Discussion

Summary judgment is appropriate "if the pleadings, depositions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56(c). The non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In addition, the non-moving party cannot rely on unsupported

---

1. At the conference, Defendant was represented by an attorney, F. Scott Molnar. Attorney Molnar explained that he was only representing De-

fendant for the purposes of this conference and was not "formally" retained.

assertions, conclusory allegations, or mere suspicions in attempting to survive a motion for summary judgment. *See Celotex v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In a similar HUD case, it has been held that once default has been established, "the sole situation presented is one of remedies." *United States v. Occi Co.,* 758 F.2d 1160, 1162 (7th Cir.1985) (quoting *United States v. Victory Highway Village, Inc.,* 662 F.2d 488, 494 (8th Cir.1981)). In this case, Plaintiff submitted evidence in the form of an affidavit from HUD manager Lester J. West who certified that Defendant defaulted on the promissory note in question and owed a balance of $13,245.40 as of October 30, 1995. Throughout the entirety of these proceedings, Defendant has not controverted this evidence. In view of the prima facie case submitted by Plaintiff, it was incumbent upon Defendant to submit some admissible evidence which would at least raise a question of material fact. Defendant has failed to do so. Even considering the Defendant's pro se status, which is questionable as seen from record, and excusing Defendant's procedural violations, none of the information provided by the Defendant raises a material fact controverting Plaintiff's evidence that Defendant defaulted on the promissory note. Nor have any of the documents purporting to be evidence raised any applicable affirmative defenses. *See United States v. Occi Co.,* 758 F.2d 1160, 1163 (7th Cir.1985); *see also United States v. Winthrop Towers,* 628 F.2d 1028 (7th Cir.1980). Thus, because Plaintiff has produced sufficient evidence to support summary judgment and Defendant has failed to submit any evidence raising an issue of material fact, the Court finds that summary judgment is appropriate as a matter of law.

Therefore, the Plaintiff is awarded judgment in the amount of $13,245.40, as the balance due and owing under the note; $905.76 in interest at the annual rate of 3% as provided in 24 C.F.R. § 201.13; a $1,415.12 surcharge as provided in 28 U.S.C. § 3011; and $120.00 in court filing fees as provided in 28 U.S.C. § 2412(a)(2).

### Conclusion

Having considered the parties' submissions, the record, and the applicable law, it is hereby

ORDERED that Plaintiff's motion for summary judgment is GRANTED; and it is further

ORDERED that the Plaintiff is awarded judgment against Nicholas C. Barber in the total amount of $15,686.28.

**IT IS SO ORDERED.**